FRANK LICATA, PROSECUTOR, v. NEW JERSEY STATE
BOARD OF TAX APPEALS, RESPONDENT.

Argued October 3, 1933—Decided December 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Samuel Morris.*

For the respondent, *William A. Stevens.*

PER CURIAM.

The writ brings up for review a ruling of the state tax commisioner granting exemption from a motor fuel tax to operators of auto buses, commonly known as jitneys, in Atlantic City, pursuant to chapter 357 of the laws of 1931.

Chapter 136 (*Pamph. L.* 1916, *p.* 283, as amended by *Pamph. L.* 1926, *ch.* 144, *p.* 219), provides that owners and operators of auto buses must file monthly statements with the fiscal officer of the municipality in which they operate, showing their gross receipts. The act further provides that the owners or operators shall pay five per centum of such gross receipts as a monthly franchise tax.

Section 1 of a supplement to this act (*Pamph. L.* 1917, *ch.* 78, *p.* 145), is as follows:  "In lieu of the monthly franchise tax provided for by section 3 of the act to which this is a supplement, any city of the fourth class of this state which may consent to the operation of auto buses along or over any of the streets of such municipality may, by ordinance, provide for an annual license fee of any amount not exceeding one hundred dollars, to be paid at such period as may by said ordinance be designated, by the owner or operator of such auto bus before engaging in such business. Should such an-

nual license fee be so provided, monthly statements of gross receipts need not be filed with the city treasurer of such municipality."

Atlantic City pursuant to this act passed an ordinance providing that operators of jitneys should pay a municipal license tax of $100 per annum.

Section 1 of the Motor Vehicle Fuel Tax act (*Pamph. L.* 1927, *p.* 782, as amended by *Pamph. L.* 1931, *p.* 875), provides that: "The term 'motor vehicle' shall include any vehicle * * * except * * * auto buses, commonly called jitneys, which now pay a municipal or franchise tax based on their gross receipts."

The state tax commissioner ruled that operators of jitneys in Atlantic City paying a flat municipal tax of $100 were exempt from payment of the motor fuel tax and the state board of tax appeals concurred in this ruling, and dismissed the prosecutor's appeal.

It seems to us clear that the jitneys paying the Atlantic City municipal license tax fall within the meaning of the legislative exemption. It is obvious that in the smaller municipalities of the state a license fee in a definite sum is preferable to the tax computed on gross receipts. That the owners of jitneys paying such license. fee make the payment in lieu of a tax based on their gross receipts cannot be doubted. The tax is imposed because of the special use of the streets. It is reasonable that the legislature should exempt those already paying a franchise tax based on their gross receipts, and it is reasonable to suppose that they also intended to exempt those paying by legislative authority and municipal action a municipal license fee fixed by ordinance in lieu of the tax on gross receipts. The 1917 act (*Pamph. L., p.* 145), merely makes it optional with a municipality of the fourth class to impose an annual license fee upon the operators of jitneys in lieu of the tax based upon the gross receipts. When a municipality adopted this method, the jitney operator was obliged to conform. The franchise tax was in lieu of the tax based upon the gross receipts and a substitute for it. The difference in method of calculation was merely for the convenience of the municipality.

We can hardly believe that the legislature intended to exempt jitneys because the municipal franchise tax was fixed by one method of calculation and not to exempt those upon whom the tax was fixed by another method of calculation. It is far more reasonable to regard the exemption as running to those paying a municipal franchise tax however calculated. Looking at the design of the taxation, we can only conclude that the ruling of the state board of tax appeals was correct. Their ruling co-ordinates and makes reasonable the legislative scheme as embodied in the various acts referred to.

The writ will be dismissed.